HOME SAVINGS BANK *vs.* SILAS PEIRCE &'others.

Suffolk.    January 28, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Conveyance to Trustees for Creditors — Demurrer — Rights of Creditor.*

The members of a firm, both individually and as members, conveyed all their property to trustees for those creditors who should become parties to the conveyance "ratably and in proportion to the amounts due to each of them respectively, without any preference or priority, the creditors of said copartnership being first paid out of the copartnership property, and the creditors of said individuals out of the individuals' private property respectively, and in case there shall be any surplus of the said trust property or effects after fulfilling the said trusts, then upon trust" that the trustees should convey the same to the assignors. There was a covenant by which the creditors severally agreed to take the estate in full payment of their debts, and release the debtors; and the instrument provided that "All claims for the purposes of this agreement shall be made up as cash on the date hereof." The plaintiff was the payee and holder of a promissory note, signed by the firm as principal and by the members individually as sureties, which note had not matured at the time of the assignment. Since then the plaintiff had been paid its debt in full, made up as cash on the day of the assignment, and brought this bill in equity to recover interest. The assets of the trustees of one of the partners were more than enough to pay the interest, after paying all of his individual debts; but the assets of the partnership, together with the surplus of the individual estates of the partners, after paying the individual creditors, were insufficient to pay the firm creditors in full. *Held,* that the scheme was to divide the property ratably among the individual creditors and the firm creditors, the latter being "first" paid out of the firm assets, and the former out of the individual assets; that no force could be given to the use of the word "first," unless the surplus of one class, if any, should be applied to meet a deficiency in the other; that the effect of the provision that all claims should be made up as cash was to make up each creditor's claim, by adding or abating interest, as of the date of the conveyance, and that, as the plaintiff had been paid its debt so made up in full, it had by becoming a party to the conveyance released the firm and its members, to whom the surplus of the proceeds of their property, if any, was to be paid after the trusts were fulfilled.

LATHROP, J.    This case comes before us on a demurrer to a bill in equity.

It appears from the allegations of the bill, that on April 15, 1889, by an instrument in writing, the members of the firm of Isaac Rich and Company, individually and as members of the firm, conveyed all their property to the defendants, as trustees, for the benefit of those creditors who should become parties to the instrument of conveyance " ratably and in proportion to the amounts due to each of them respectively, without any preference or priority, the creditors of said copartnership being first paid out of the copartnership property, and the creditors of said individuals out of the individuals' private property respectively, and in case there shall be any surplus of the said trust property or effects, after fulfilling the said trusts, then upon trust" that the trustees shall convey the same to the assignors. There is a covenant on the part of the creditors, by which they severally agree to take the estate and effects assigned in full payment and discharge of their debts and demands, and release the debtors. The instrument also contains this clause : " All claims for the purposes of this agreement shall be made up as cash on the date hereof."

At the time this assignment was made, the plaintiff was the payee and holder of a promissory note, signed by the firm as principal, and by the members of the firm individually as sureties. This note had not matured at the time of the assignment. Since then the plaintiff has been paid its debt in full, made up as cash on the day of the assignment, and now seeks to recover interest. The bill alleges that the assets in the hands of the trustees of the estate of one of the partners are more than enough to pay the interest, after paying all of his individual debts, but the assets of the partnership, together with the surplus of the individual estates of the partners, after paying the individual creditors, are insufficient to pay the firm creditors in full.

The plaintiff contends that there is no provision in the deed whereby any surplus of assets of a particular class is to be applied to the payment of creditors of another class ; and that the clause requiring all debts to be made up as cash has no application where there is enough to pay the individual debts in full. But this construction does not give full force and effect to the language used. The scheme clearly was to divide the property ratably among the individual creditors and the firm creditors,

the firm creditors being "first" paid out of the firm assets, and the individual creditors out of the individual assets. No force can be given to the use of the word "first," unless the surplus of one class, if there should be any, should be applied to meet a deficiency in the other class.

Again, the plaintiff's contention gives no effect to the clause, "All claims for the purposes of this agreement shall be made up as cash on the date hereof." The effect of this was to make up each creditor's claim by adding or abating interest, as of the date of the conveyance. The plaintiff has been paid its debt so made up in full, and by becoming a party to the conveyance it expressly released the firm and its members, to whom the surplus of the proceeds of their property, if any, was to be paid after the trusts were fulfilled.

In any view of the case, therefore, we fail to see that the plaintiff is entitled to maintain its bill.

*Decree dismissing bill affirmed.*

*H. Baldwin,* for the plaintiff.
*W. B. French,* for the defendants.